JOHN R. PIKE, Executive Director, State Investment Board
You request my opinion as to the authority of the Investment Board to sell "put" and "call" options on common stock. A "put" consists of an option giving the holder the privilege of delivering a stated number of shares of a given stock to the State of Wisconsin Investment Board within a certain time and at a certain price. A "call" is the opposite of a "put" and consists of an option whereby the holder is given the privilege of purchasing a given number of shares *Page 267 
of a given stock from the State of Wisconsin Investment Board at a certain price for a certain period of time. You inform me that these options would be written only on stock within your portfolio or for stock which the Board has approved for purchase under the applicable statutory guidelines. While writing of these options is probably consistent with the prudent man rule of sec. 320.01, Stats., the State of Wisconsin Investment Board is, by statute, more restricted in the investments it may undertake.
The types of investments permitted are specifically set forth in the statutes. Secs. 25.17 and 25.18, Stats. Section 25.17 (3) (a), Stats., by reference to sec. 206.34, Stats., permits the investment of a portion of specific trust funds in common stock. In addition, sec. 25.17 (5) Stats., requires that the assets of the variable annuity divisions be invested primarily in equity securities including common stocks. Such sections and sec. 206.34 (es) incorporated in subsec. (3) (a) read in part:
"25.17 * * * The board shall:
"(3) (a) Invest any of the following funds: 1. conservation wardens pension fund; 2. state life fund; 3. state teachers retirement fund system; 4. Milwaukee teachers retirement fund; 5. Wisconsin retirement fund; 6. veterans trust fund, in loans, securities and any other investments authorized by s. 206.34, and in bonds or other evidences of indebtedness or preferred stock of companies engaged in the finance business whether as direct lenders or as holding companies owning subsidiaries engaged in the finance business, provided such investments meet all other requirements of s. 206.34. * * *"
"(4) Invest the funds of the state teachers retirement system, the Wisconsin retirement fund and each teachers annuity and retirement fund created under subch. II of ch. 42 in loans, securities or investments in addition to those permitted by any other section of the statutes, but the aggregate of the loans, securities and investments made under this subsection shall not exceed 15% of the admitted assets of each of said funds. *Page 268 
"(5) The limitations upon the percentage of the assets of any fund which are imposed by sub. (4) or any other statute shall not be applicable to investments made by the investment board of funds in the variable annuity divisions created under s. 41.01 (2), 42.243 or 42.76, respectively, and said investments shall be excluded in computing the assets to which any such limitations apply. Assets of said variable annuity divisions shall be invested primarily in equity securities which shall include common stocks, real estate or other recognized forms of equities * * *."
"206.34 (1) (es) In common stock of any solvent company organized under the laws of the United States or of any state thereof, or of the Dominion of Canada or of any province thereof (other than common stock of corporations organized for the sole purpose of holding securities of other corporations), the issue of which has been approved by the proper public authority if such approval was required by law at the time of issue, provided * * *."
The Investment Board is limited by statute to specifically stated investments. While the statutory sections quoted above permit investment in common stocks and other equity securities, I do not deem "put" and "call" options to be included within this authorization. The purchase or sale of stock is distinguishable from the writing of options, the exercise of which is beyond the control of the Board and contingent upon the wishes of the optionee. Section 25.18
(1) (h). Stats., enforces my determination that the authority given in sec. 25.17 (3) (a), Stats., is limited solely to the purchasing, and selling of stock as an investment. Section 25.18 (1) (h) reads:
"25.18 (1) In addition to the powers and duties enumerated in s. 25.17 the investment board may:
"(h) Sell stock, debentures or other securities which it has the right to acquire upon the exercise of conversion rights then owned by it."
The legislature apparently construed the statutes regulating investments by the Board as permitting only the sale of stock, debentures or other securities owned by the Board *Page 269 
and not short sales or sales of securities to be procured in the future. I similarly construe the statutes to relate to and require a purchase or sale of investments on a date certain and not contingent upon the exercise or nonexercise of a option beyond the control of the Board.
The rule of statutory construction expressio unius estexclusio alterius is in my view determinative of the legislative intent in this matter. Since the legislature has restricted the Investment Board to specific investments and has in sec. 25.18 (1) (h), Stats., deemed it necessary to authorize any variance from the normal method of purchase or sale of securities, it is my opinion that the Investment Board may not, without authorization from the legislature, engage in "put" and "call" options on its stock portfolio.
RWW:WMS